ORAL ARGUMENT NOT YET SCHEDULED

NO. 24-7123

In the

United States Court Of Appeals For The District Of Columbia Circuit

AMAALA JONES-BEY AND KAREN HYLTON, *APPELLEES*

*v.*

TERRENCE SUTTON, *APPELLANT*

On Appeal from the United States District Court
for the District of Columbia, No. 1:21-cv-2674-JMC
Before the Honorable Jia M. Cobb

**INTERVENOR-PLAINTIFF-APPELLEE KAREN HYLTON'S REPLY IN SUPPORT OF MOTION FOR SUMMARY AFFIRMANCE**

/s/ Charles Gerstein
Charles Gerstein
Jason Harrow
GERSTEIN HARROW LLP
1001 G St. NW, Suite 400E,
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

*Attorneys for Plaintiff-Intervenor-Appellee Karen Hylton*

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT .......................................................................................................2

I.   THE COURT SHOULD SUMMARILY AFFIRM THE
     DENIAL OF QUALIFIED IMMUNITY ...........................................2

     A.   There Is No Reasonable Argument That Committing A
          Murder While On Duty Entitles An Officer To
          Qualified Immunity At The Motion To Dismiss Stage. ...........2

     B.   Hylton Has Properly Pleaded That Sutton Intended To
          Steal From Or Harass Hylton-Brown. ......................................5

     C.   Summary Affirmance Is Appropriate And Advisable. ............8

CONCLUSION ...................................................................................................9

CERTIFICATE OF WORD COUNT .............................................................11

# TABLE OF AUTHORITIES

**Cases**

*Behrens v. Pelletier*, 516 U.S. 299 (1996) .................................................... 8

*Cascade Broad. Grp. Ltd. v. F.C.C.*, 822 F.2d 1172 (D.C. Cir. 1987) ....... 8

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ............................... 3

*Hope v. Pelzer*, 536 U.S. 730 (2002) ........................................................... 5

*Kisela v. Hughes*, 584 U.S. 100 (2018) ....................................................... 5

*Sills v. Bureau of Prisons*, 761 F.2d 792 (D.C. Cir. 1985) ......................... 8

# PRELIMINARY STATEMENT

Appellant Terence Sutton's Opposition to the Motion for Summary Affirmance misses the point. He rehashes grievances with his criminal conviction. *See* Opp. 2 (lamenting that neither "party identif[ied] a single case in this district where a police officer or a civilian was charged with second-degree murder where there was no physical contact between the defendant and the decedent"). He assails the character and background of his victim. Opp. 5 n.2 (noting that "[t]he Kennedy Street Crew"—of which Karon Hylton-Brown was supposedly a member—"is a violent criminal gang" and explaining the prosecution of several members). And he places weight on the decisions of federal prosecutors, who charged him with murder instead of a civil rights crime, as if that were somehow relevant to whether the Complaints *in this case* properly allege that Sutton violated Hylton-Brown's constitutional rights when Sutton maliciously chased Hylton-Brown and killed him. *E.g.*, Opp. 16 (speculating as to "why the U.S. Attorney's Office, which opened a civil rights investigation, charged Sutton with second-degree murder and not any constitutional violation").

None of that matters. The only question on appeal is whether the

Complaints, taken as true, allege a clearly established constitutional violation. The answer to that question is clearly yes: as the district court correctly held, Sutton's egregious conduct, driven by motivations to harass and steal from Hylton-Brown, clearly exceeds the threshold necessary for a substantive due process violation. The pleaded facts are plausible and those facts permit the Plaintiffs to proceed beyond the motion-to-dismiss stage. Because the record is clean, the district court's opinion is straightforwardly correct, and further delay would result in prejudice to the Plaintiffs—who have already waited years to get to this stage—this Court should summarily affirm the denial of qualified immunity.

## ARGUMENT

### I. THE COURT SHOULD SUMMARILY AFFIRM THE DENIAL OF QUALIFIED IMMUNITY

#### A. There Is No Reasonable Argument That Committing A Murder While On Duty Entitles An Officer To Qualified Immunity At The Motion To Dismiss Stage.

The district court correctly denied Sutton's motion to dismiss on qualified immunity. As Hylton explained, it is clearly established that police officers may not chase people for sport, to harass, or to steal in such a way that results in their death; that is a clear Due Process violation

2

under *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998). *See* ECF No. 105 at 16–17. As the district court cogently explained, "[o]fficers who chase people with the 'intent to harm [them] physically or to worsen their legal plight,' whose conduct is thus 'tainted by an improper or malicious motive,' violate the Due Process Clause." ECF No. 105 at 12 (quoting *Lewis*, 523 U.S. at 854–55).

Sutton's contentions on appeal rests on willful ignorance of the phrase "worsen their legal plight" from *Lewis*. He claims it is not clearly established that an officer who "acts with an intent to harass or steal from [a victim]" and then engages the victim in a maliciously dangerous chase somehow does not act with the intention to worsen the suspect's "legal plight" as required by *Lewis*. Opp. 15. This defies logic and precedent. As the district court recognized, "no competent officer would believe that he was free to initiate a high-speed car chase, or affirmatively assist a fellow officer in a dangerous vehicle pursuit, to harass and steal money from a motorist." ECF No. 105 at 17. Indeed, doing so is the very definition of worsening the legal plight of a victim.

Sutton's argument to the contrary ignores much of *Lewis*. Although that case ultimately concluded that the defendants were entitled to

3

qualified immunity, the decision emphasized that substantive due process violations occur when officials act with "deliberate indifference" or "reckless disregard" of rights if their motives, such as harassment or malfeasance, lack legitimate governmental purpose. As the district court explained, and as Sutton conveniently ignores, "*Lewis* protects officers who engage in car chases that cause injury in many circumstances, but not when the officer's conduct is 'tainted by an improper or malicious motive,' the officer seeks to 'terrorize,' or the officer 'intend[s] to injure' the person he is chasing 'in some way' that is not justified by any legitimate, police purpose." ECF No. 105 at 17 (quoting *Lewis*, 523 U.S. at 849, 855). Sutton's alleged pursuit of Hylton-Brown "for sport, harassment, or theft" meets this standard. *Id.* The allegations align with *Lewis*'s recognition of due process violations for conduct intended to "worsen the victim's legal plight" absent lawful justification.

Sutton also confuses the governing standard by requiring Plaintiffs to cite an exact factual match before they can proceed. He complains that "Hylton has not identified one case finding a substantive due process violation involving a police chase initiated for fun or to harass the driver." Opp. 18. But this is not required. Instead "officials can still be on notice

4

that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). That is because Supreme Court "caselaw does not require a case directly on point for a right to be clearly established." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quotation marks omitted). The Court continued that immunity does not protect "those who knowingly violate the law." *Id.* (quotation marks omitted).

On this point, the district court's ruling is faultless. The court wrote that "no competent officer would believe that he was free to initiate a high-speed car chase, or affirmatively assist a fellow officer in a dangerous vehicle pursuit, to harass and steal money from a motorist." ECF No. 105 at 17. Sutton does not, and cannot, dispute this simple and intuitive fact. While he may ultimately wish to dispute the facts, he cannot attack those facts as pleaded. They make out a clearly established violation of Hylton-Brown's rights.

### B. Hylton Has Properly Pleaded That Sutton Intended To Steal From Or Harass Hylton-Brown.

Notwithstanding clear allegations in the Complaint and the facts recited by the district court in its opinion, Sutton presses the disingenuous argument that "neither Plaintiff nor Intervenor pled that

5

Sutton acted with intent to harass or steal from Hylton-Brown." Opp. 19.[1] This argument is directly contradicted by the allegations in the Complaints. *See* ECF No. 32-1 ¶ 92 ("Sutton chased Karon with an intent to illegally seize his property."); ECF No. 26 ¶ 56 (Sutton chased Hylton-Brown "with the intention of confiscating Mr. Hylton's [*sic*] property including cash *for [Sutton's] own illicit purposes*." ECF No. 26 ¶ 56 (emphasis added). And they each allege that, in the alternative, Sutton tried to harass or chase Hylton-Brown for sport. *See* ECF No. 26 ¶ 95 ("This chase was not an incidental occurrence but an intentional targeting by Sutton; . . . a 'joyride' chasing . . . ."); ECF No. 32-1 ¶ 93 ("In the alternative, Sutton and Zabavsky chased Karon for fun, as they have done to many other black men on two-wheeled motorized vehicles in the past.").

The district court correctly credited these allegations and accepted them as true. The court stated that "if officers engaged Hylton-Brown in a dangerous car chase, driving him into oncoming traffic and to his death,

---

[1] Sutton contends that "the complaint attached to her motion to intervene . . . [was] not docketed . . . ." Opp. at 20. This is false. *See* Minute Order of July 13, 2022 ("Clerk directed to docket ECF 32-1, Plaintiff-Intervenor Hylton's complaint in intervention.").

6

*because they wanted to take money from him, as Plaintiffs allege*, their conduct was outrageous and conscience shocking." ECF No. 105 at 15; *id* at 17 (also mentioning allegation "to harass").

Sutton's arguments in the face of this clear pleading are meritless. He first nitpicks the wording of the complaints by claiming that the use of the words "confiscate" and "seize" do not imply theft, but this ignores the actual allegations, which are that Sutton attempted to "*illegally* seize[]" Hylton-Brown's property, or that he attempted to "confiscat[e]" it "for Sutton's own *illicit purposes*." ECF No. 32-1 ¶ 92; ECF No. 26 ¶ 56. And Sutton then claims that if he had recognized the allegations of theft—even though they were right there on the page—he would have "asked the district court to take notice of the prior judicial determination that Sutton had no knowledge of Hylton-Brown's money." Opp. 21. That would make no difference: even if that single judicial comment in the context of the criminal trial actually did contradict the allegations in the Complaints (and it does not, for it held only that neither Sutton nor the government had *introduced evidence* of that fact), it would be properly introduced at summary judgment, not in response to a motion to dismiss. For now, the properly pleaded allegations make out a clearly established

7

violation of Hylton-Brown's rights.

### C.     Summary Affirmance Is Appropriate And Advisable.

Finally, this Court should summarily affirm because the District Court's holding and reasoning leave no serious legal questions requiring further briefing or oral argument. Despite Sutton's attempt to have this Court consider Hylton-Brown's criminal history, the U.S. Attorney's charging decisions, trial transcripts, and more besides, the actual record at this stage is limited to the Complaints and the district court's straightforward opinion denying qualified immunity. That limited record and the district court's clear decision permit this Court to "give the merits of this appeal 'the fullest consideration necessary to a just determination' without plenary briefing or oral argument." *Cascade Broad. Grp. Ltd. v. F.C.C.*, 822 F.2d 1172, 1173 (D.C. Cir. 1987) (quoting *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985)). Summary disposition is particularly appropriate from denials of qualified immunity to "minimiz[e] disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996).

Sutton does not dispute this and does not even cite *Behrens*. Nor does he state what full briefing and argument would add to this Court's

8

consideration. Instead, he claims that the decision below "was not so clearly correct that no further briefing or argument are necessary." Opp. 13. As explained, that bare assertion is not correct at this early stage. This Court can, and should, summarily affirm and return the matter to the district court for additional proceedings.

The first of those proceedings will be Sutton's response to Plaintiffs' motion for summary judgment arguing that his murder conviction precludes relitigation of his liability in this case. While those motions are pending, discovery against Sutton is stayed. If those motions are granted, Sutton will have a right to again appeal to this Court. Further briefing and argument against the clearly correct District Court decision on Sutton's *motion to dismiss*, which accepts all pleaded facts as true, would needlessly delay the progress of this case.

## CONCLUSION

For the foregoing reasons, this Court should summarily affirm the district court's denial of qualified immunity to Defendant Sutton.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
Jason Harrow
GERSTEIN HARROW LLP

9

1001 G St. NW, Suite 400E,
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

## CERTIFICATE OF WORD COUNT

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because this brief contains 2,146 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

*/s/ Charles Gerstein*

Counsel for Plaintiff-Intervenor-Appellee Karen Hylton

October 30, 2024